UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AIDA VEGA,

    Plaintiff,

v.                                      Case No:   2:14-cv-298-FtM-38CM

CIRCLE K STORES, INC,

    Defendant.

## ORDER

Before the Court is attorney Julisse Jimenez's Unopposed Motion to Withdraw as Counsel ("motion to withdraw") (Doc. 13), filed on August 18, 2014, and Plaintiff's Unopposed Motion to Allow Telephonic Case Settlement Conference (Doc. 14), filed on August 18, 2014.  Julisse Jimenez, lead counsel for Plaintiff Aida Vega, requests that she be permitted to withdraw from the representation of Plaintiff in this matter because she is no longer affiliated with the firm of The Law Professionals, which represents Plaintiff.  The motion to withdraw indicates that Plaintiff will continue to be represented by The Law Professionals; specifically, that attorney Navin Persad-Maharaj will represent Plaintiff upon admission to the Middle District of Florida on September 16, 2014.[1]  Upon review of the motion to withdraw, the Court finds good

---

[1] The motion includes as an attachment an Affidavit of attorney Navin Persad-Maharaj stating that, upon admission to the Middle District, counsel will immediately file a Notice of Appearance.  Accordingly, Navin Persad-Maharaj is directed to file a Notice of Appearance in this matter as soon as possible upon admission but no later than **September 22, 2014**, or inform the Court by that date why counsel is unable to do so.

cause to permit attorney Julisse Jimenez to withdraw from the representation of Plaintiff in this matter.

The motion to withdraw also states that The Law Professionals firm currently does not have any other attorney admitted to practice in the Middle District and therefore requests an extension of the deadline for the parties to meet and confer in person in a good faith effort to settle the case, set forth in the Court's FLSA Scheduling Order (Doc. 7), since Plaintiff's new counsel will not yet be admitted to the Middle District by that date.[2]  *See* Doc. 7 at 2.  The Court finds good cause to grant a brief extension of the deadlines set forth in the FLSA Scheduling Order to enable attorney Navin Persad-Maharaj to become admitted to the Middle District. Counsel for the parties are currently required to meet and confer by September 10, 2014, and jointly file a Report Regarding Settlement by September 30, 2014.  *See* Doc. 7 at 2.  Accordingly, the Court will extend the deadline to meet and confer up to and including September 30, 2014 and will extend the deadline by which the parties must jointly file a Report Regarding Settlement up to and including October 14, 2014.[3]

Plaintiff also filed an Unopposed Motion to Allow Telephonic Case Settlement Conference (Doc. 14), requesting that counsel for both parties be permitted to attend

---

[2] The Affidavit of Navin Persad-Maharaj also states that Plaintiff Aida Vega and counsel for Defendant were contacted regarding Ms. Jimenez's request to withdraw and that that neither opposes her withdrawal or a brief stay of the deadlines in this case for Plaintiff's new counsel to become admitted to the Middle District.  *See* Doc. 13-1 at 2.

[3] Because the Court's FLSA Scheduling Order stayed all discovery in this matter until the parties file a Case Management Report, the extension of these deadlines will not affect any other deadlines.  *See* Doc. 7 at 3.

the settlement conference by telephone because counsel for Plaintiff is located in Coral Gables, Florida and counsel for Defendant is located in Tampa, Florida. Although the Court is willing to extend the deadline for the parties to meet and confer, the Court will not waive the in-person attendance requirement. *See* Doc. 7 at 2 ("[C]ounsel for Plaintiff and Defendant shall meet and confer *in person* in a good faith effort to settle all pending disputes, including attorneys' fees and costs.") (emphasis added). Another division of this Court has explained the importance of in-person attendance at the early settlement conference in FLSA cases:

> while telephone conferences are often encouraged when counsel are located in different cities, the initial settlement conference between the parties in a Fair Labor Standards Act dispute presents a unique situation in which the strong preference of the Court is for counsel for the parties to meet and confer "in person" in a good faith effort to reach early resolution of the case.

*Tassone v. Lifecare St. Johns, Inc.*, No. 3:11-cv-1271-J-32TEM, 2012 WL 1555718, at *1 (M.D. Fla. Feb. 24, 2012) (citation omitted). Because "the Court has determined the most advantageous vehicle through which to encourage early discussion and possible resolution of FLSA cases is the conduct of an in-person settlement conference between counsel before the general discovery phase begins," *id.*, the Court will deny Plaintiff's request to conduct the settlement conference telephonically. Counsel for the parties shall meet in person as required by the Court's FLSA Scheduling Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Attorney Julisse Jimenez's Unopposed Motion to Withdraw as Counsel (Doc. 13) is **GRANTED**. The Clerk is directed to terminate attorney Julisse Jimenez and remove her from receiving further electronic filings in this matter.

2. The law firm of The Law Professionals will continue to represent Plaintiff in this matter. Attorney Navin Persad-Maharaj is directed to file a Notice of Appearance in this matter as soon as possible after admission to the Middle District of Florida but no later than **September 22, 2014**, or inform the Court by that date why counsel is unable to do so.

3. The deadlines set forth in the FLSA Scheduling Order shall be extended as follows:

   a. By **September 30, 2014**, counsel for Plaintiff and Defendant shall meet and confer in person in a good faith effort to settle all pending issues, including attorneys' fees and costs.

   b. By **October 14, 2014**, after the settlement conference, counsel shall jointly file a Report Regarding Settlement.

All other directives set forth in the FLSA Scheduling Order (Doc. 7) remain in effect.

4. Plaintiff's Unopposed Motion to Allow Telephonic Case Settlement Conference (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record