UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AIDA VEGA

        Plaintiff,

v.                                           Case No:  2:14-cv-298-FtM-38CM

CIRCLE K STORES INC.,

        Defendant.
_____/

### ORDER[1]

This matter is before the Court on Plaintiff Aida Vega's Motion to Strike Defendant's Affirmative Defenses Four, Nine, Ten, Eleven, Twelve, Thirteen & Fourteen (Doc. #35) filed on March 16, 2015.[2] For the following reasons, the Court will deny without prejudice Plaintiff's Motion.

Middle District of Florida Local Rule 3.01(g) states, in pertinent part, that

> [b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) state whether counsel agree on the resolution of the motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiff improperly filed the Motion to Strike Defendant's Affirmative Defenses (Doc. #35) as a "Reply" rather than a motion on CM/ECF. The Court directs Plaintiff to file more carefully in the future.

M.D. Fla. Local Rule 3.01(g). This rule is designed to foster communication between the parties and help resolve certain disputes without court intervention. See Desai v. Tire Kingdom, Inc., 944 F. Supp. 876, 878 (M.D. Fla. 1996). The importance of Local Rule 3.01(g) in helping avoid needless litigation cannot be overstated. See Esrick v. Mitchell, No. 5:08-cv-50, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) (stating a violation of "Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party").

Conspicuously absent from Plaintiff's motion is Local Rule 3.01(g) certification that he conferred with Defendant Circle K Stores, Inc. in a good faith effort to resolve this matter without the Court's involvement. (Doc. #35). Since Plaintiff's motion fails to comply with Local Rule 3.01(g), the Court will deny without prejudice his Motion to Strike Defendant's Affirmative Defenses. (Id.).

Accordingly, it is now

**ORDERED:**

Plaintiff Aida Vega's Motion to Strike Defendant's Affirmative Defenses Four, Nine, Ten, Eleven, Twelve, Thirteen & Fourteen (Doc. #35) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record